1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

PRINCIPAL LIFE INSURANCE
COMPANY,

CASE NO. C21-1716 MJP

11

Plaintiff,

ORDER ON MOTION FOR
DEFAULT JUDGMENT

12

v.

13

MEGANN MALIA HILL,

14

Defendant.

15

16

17

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment.

18

(Dkt. No. 21.) Having reviewed the Motion and all supporting materials, the Court GRANTS the

19

Motion and ENTERS DEFAULT JUDGMENT against Defendant Megan Malia Hill,

20

individually and as personal representative of the Estate of Jeffrey Thomas Hill.

21

**BACKGROUND**

22

Plaintiff Principal Life Insurance Company seeks rescission of Defendant's deceased

23

husband's life insurance policy, Group Policy No. GL 1087314 ("Policy") (See Am. Compl. ¶¶

24

3, 6 (Dkt. No. 6).) Plaintiff alleges that after Defendant's husband's death and within the Policy's

two-year contestability period, it learned that Defendant's husband made material

misrepresentations and omissions on the life insurance application. (Am. Compl. ¶¶ 15-16 and

Ex. A.) Although Plaintiff has paid the guaranteed issue amount on the Policy ($20,000) and

does not seek its return, it asks the Court to order that the Policy be rescinded as to those

amounts exceeding the guaranteed issue amount due to misrepresentations and omissions made

by the decedent in the insurance application. Plaintiff alleges that there are several material

discrepancies between the decedent's health records and his life insurance application. (See Am.

Compl. ¶¶ 19-33 and Exs. A-G thereto.) Plaintiff alleges that it relied on these representations in

issuing the Policy and now seeks rescission. (See id.)

Defendant has been personally served, but has not made an appearance in this matter.

(Dkt. No. 16.) The Court has entered default. (Dkt. No. 19.) Plaintiff now moves for entry of

default judgment.

## ANALYSIS

**A.     Legal Standard**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). This

determination is discretionary. See Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392

(9th Cir. 1988). "Factors which may be considered by courts in exercising discretion as to the

entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits

of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the

default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of

Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th

Cir. 1986). In performing this analysis, "the general rule is that well-pled allegations in the

complaint regarding liability are deemed true." <u>Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002) (quotation and citation omitted). And "[t]he district court is not required to make detailed findings of fact." <u>Id.</u>

**B.    Jurisdiction**

Before entering default judgment, the Court must assure itself that it has subject matter jurisdiction. The Court finds that it has subject matter jurisdiction over Plaintiff's claims which are brought under ERISA, 29 U.S.C. §§ 1001, 1132.

**C.    <u>Eitel</u> Factors Favor Default Judgment**

The seven <u>Eitel</u> factors weigh in favor of entry of default judgment in Plaintiff's favor.

**1.    Factor One: Prejudice to Plaintiff**

Without entry of default judgment Plaintiff will be prejudiced by not having a decision on the merits of its claim for rescission of the Policy. Plaintiff attempted to resolve this dispute with Defendant before filing the action without success, and Defendant has demonstrated an unwillingness to participate in this lawsuit. Plaintiff faces prejudice by not being able to obtain complete relief on its claims against Defendant without a default judgment. This factor therefore weighs in favor of granting default judgment.

**2.    Factors Two and Three: Merits of Plaintiffs' Claims and Sufficiency of Complaint**

Plaintiff has demonstrated the merit of its claims and the sufficiency of the allegations against Defendant. Plaintiff's well-pleaded allegations, which the Court accepts as true, and the supporting exhibits show that it is entitled to rescission of the Policy and that rescission is a remedy available under ERISA. <u>See</u> <u>Sec. Life Ins. Co. of Am. v. Meyling</u>, 146 F.3d 184, 1191 (9th Cir. 1998); (Am. Compl. ¶¶ 1-41.) This satisfies these two <u>Eitel</u> factors, which weigh in favor of entry of default judgment.

### 3.  Factor Four: Sum of Money at Stake

The amount Plaintiff seeks is relatively small, which favors entry of default judgment. Plaintiff seeks a declaratory judgment and attorneys' fees and costs in the amount of $10,474.32. This is not a large sum. And the Court finds this to favor entry of default judgment

### 4.  Factor Five: Possibility of Dispute of Material Facts

The Court finds little likelihood of a dispute of material fact to remain. Consistent with Ninth Circuit law, the Court deems the well-pleaded claims to be true. <u>Fair Housing</u>, 285 F.3d at 906. Plaintiff has also provided evidence to further corroborate the Amended Complaint's allegations. (<u>See</u>, <u>e.g.</u>, Am. Compl. Exs A-G (Dkt. Nos. 6, 10-12).) This factor weighs in favor of entry of default judgment.

### 5.  Factor Six: Whether Default is Due to Excusable Neglect

The Court finds that the default was not entered due to excusable neglect. Defendant was personally served with the summons and it appears that Plaintiff has attempted to contact Defendant via email. (<u>See</u> Dkt. Nos. 16, 22.) Despite being given a reasonable opportunity to appear, Defendant has chosen not to defend against Plaintiff's claims. There is no evidence that Defendant's failure to oppose default is due to excusable neglect and this factor favors entry of default judgment.

### 6.  Factor Seven: Strong Policy in Favor of Decision on the Merits

The Court maintains a strong policy preference in favor of resolution of Plaintiff's claims on the merits. But Defendant's decision not to appear in this case vitiates against this policy. This factor weighs in favor of entry of default judgment.

\*   \*   \*

1    Having considered and balanced the Eitel factors, the Court finds that entry of default

2    judgment is proper.

3    **D.    Recission**

4    Plaintiff seeks rescission of the Policy as to those amounts exceeding the guaranteed

5    issue amount ($20,000) due to misrepresentations and omissions made by the decedent in the

6    insurance application. As Plaintiff has demonstrated, ERISA permits rescission of insurance

7    contracts entered into under false representations of health. See Meyling, 146 F.3d at 1191.

8    Having considered the allegations in the Amended Complaint and the supporting materials, the

9    Court finds that the Plaintiff is entitled to rescission of the Policy amounts exceeding the $20,000

10   guaranteed issue amount due to the material misrepresentations and omissions in the insurance

11   application. The Court therefore GRANTS the Motion and DECLARES the Policy coverage in

12   excess of the guaranteed amount ($20,000) void ab initio.

13   **E.    Attorneys' Fees and Costs**

14   Plaintiff requests an award of attorneys' fees ($9,942) and costs ($532.32).

15   Under ERISA, the court "in its discretion may allow a reasonable attorney's fee and costs

16   of action to either party" in an action brought by a "participant, beneficiary, or fiduciary." 29

17   U.S.C. § 1132(g)(1). To obtain an award of attorneys' fees under this section, the moving party

18   must demonstrate that they achieved "some degree of success on the merits." Hardt v. Reliance

19   Standard Life Ins. Co., 560 U.S. 242, 255 (2010). The moving party makes this showing if "the

20   court can fairly call the outcome of the litigation some success on the merits without conducting

21   a 'lengthy inquir[y] into the question whether a particular party's success was substantial or

22   occurred on a central issue.'" Id. (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 n.9

23   (1983) (internal quotations omitted)). Where the party has achieved some success but did not

24

"prevail[ ] completely," the Court considers five factors, the "Hummel factors," in deciding

whether to award fees and costs. Simonia v. Glendale Nissan/Infiniti Disability Plan, 608 F.3d

1118, 1121 (9th Cir. 2010) (quoting Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.

1980)). The Hummell factors are as follows:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the
> opposing parties to satisfy an award of fees; (3) whether an award of fees against the
> opposing parties would deter others from acting under similar circumstances; (4) whether
> the parties requesting fees sought to benefit all participants and beneficiaries of an
> ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the
> relative merits of the parties' positions.

Hummell, 634 F.2d at 453.

The Court finds that Plaintiff has achieved success on the merits. And to the extent

necessary, the Court finds that the Hummel factors weigh in favor of a fee award. First, Plaintiff

has alleged that Defendant is culpable for having made material misrepresentations and

omissions in the life insurance application and that there is a valid basis for rescission. Second,

though there is no evidence as to Defendant's finances, there is evidence that Defendant received

$20,000 from the Policy (roughly half of the requested award). This shows that at least some

funds should be available to Defendant to satisfy the award requested. Third, the award of fees

here would likely deter others from making material misrepresentations and omissions in

applying for life insurance. Fourth, Plaintiff has failed to articulate how this lawsuit resolves a

significant legal question regarding ERISA or how the relief sought benefits the participants and

beneficiaries of the ERISA plan at issue. Fifth, the Court is satisfied that based on the

allegations, Plaintiff's claims have merit and that there is no apparent merit in Defendant's

opposition. On balance, these factors weigh in favor of an award of attorneys' fees.

The Court follows the "lodestar" method for determining reasonable attorneys' fees. City

of Riverside v. Rivera, 477 U.S. 561, 568 (1986). To calculate the lodestar, the Court multiplies

1    the number of hours counsel reasonably spent on the case by a reasonable hourly rate. <u>Hensley v.</u>

2    <u>Eckerhart</u>, 461 U.S. 424, 433 (1983). Though the Court may adjust the lodestar upwards or

3    down, there is a "strong presumption" that the lodestar represents the reasonable fee. <u>See</u> <u>Fischer</u>

4    <u>v. SJB-P.D. Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000). "In determining a reasonable hourly

5    rate, the district court should be guided by the rate prevailing in the community for similar work

6    performed by attorneys of comparable skill, experience, and reputation." <u>Chalmers v. City of Los</u>

7    <u>Angeles</u>, 796 F.2d 1205, 1210–11 (9th Cir. 1986), <u>opinion amended on denial of reh'g</u>, 808 F.2d

8    1373 (9th Cir. 1987).

9          The Court is satisfied that the hourly rates claimed by counsel are reasonable. Counsel

10   has demonstrated that they fall within the prevailing rates in the community for counsel of

11   similar experience and skill. (<u>See</u> Mot. at 13 (collecting cases approving rates of similar

12   counsel).) The Court has reviewed the time spent by counsel in this matter. The Court deducts

13   $825 from the lodestar to reflect time that Counsel spent attempting to correct deficiencies

14   created by counsel's failure to follow the District's procedures for redacting and filing materials

15   under seal. (Dkt. No. 22-5 at 3-4 (time billed on 1/6/22 and 2/15-16/22).) This time was not

16   reasonably expended and it would be unfair and unreasonable to include that time in the

17   judgment. The Court is otherwise satisfied that the time billed is reasonable. The Court therefore

18   AWARDS $9,117 in attorneys' fees. The Court also finds that the costs requested are reasonable

19   and further AWARDS $532.32 in costs. In full, the Court AWARDS $9,649.32 in attorneys' fees

20   and costs.

21                                  **CONCLUSION**

22         The Court is satisfied that Plaintiff is entitled to default judgment in its favor and that the

23   Policy should be rescinded as to the amounts over the guaranteed issue amount ($20,000). The

1  Court GRANTS the Motion and ENTERS DEFAULT JUDGMENT in Plaintiff's favor. The

2  Court DECLARES that the Policy is void <u>ab initio</u> as to those amount over the guaranteed issue

3  amount. And with minor alterations, the Court finds that Plaintiff is entitled to an award of

4  attorneys' fees and costs. The Court AWARDS Plaintiff $9,117 in attorneys' fees and $532.32 in

5  costs.

6      The Court directs the Clerk to separately enter judgment reflecting this relief.

7      The Clerk is ordered to provide copies of this order to all counsel.

8      Dated July 13, 2022.

Marsha J. Pechman
United States Senior District Judge